## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GLENN SHENTON,** 5067 Eagles View Cincinnati, OH   45244, | : : : | Case No. 1:19-CV-01426 |
| | : | Judge |
| and | : : | |
| **PAMELA SHENTON,** 5067 Eagles View Cincinnati, OH   45244, | : : : : | **COMPLAINT FOR MONETARY DAMAGES** |
| Plaintiffs, | : : : | **Demand for Jury Trial Included Herein** |
| v. | : : | |
| **PEPCO HOLDINGS LLC,** 701 9th Street, NW Washington, DC   20068, | : : : : | |
| Defendant. | : : | |

Now comes Plaintiffs GLENN SHENTON and PAMELA SHENTON, by and through counsel, and hereby allege as follows:

### **PARTIES**

1. Plaintiff GLENN SHENTON is a citizen of the State of Ohio, residing in Clermont County, Ohio.

2. Plaintiff PAMELA SHENTON is a citizen of the State of Ohio, residing in Clermont County, Ohio.

3. Based upon information and belief, Defendant PEPCO HOLDINGS LLC is a limited liability company formed under the laws of the State of Delaware and none of its members are citizens of the State of Ohio.  PEPCO HOLDINGS has and maintains offices with the City of Washington, District of Columbia.

## JURISDICTION and VENUE

4. This Court has original jurisdiction over the claims herein pursuant to 28 U.S.C. § 1332, as the amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs, and this civil action is between citizens of different States.

5. Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district.

## FACTS

6. On or about August 13, 2016, GLENN SHENTON was walking on the sidewalk located in the vicinity of 14th Street and Ron Brown Street, N.W., in the City of Washington, District of Columbia.

7. The sidewalk where GLENN SHENTON was walking in the vicinity of 14th Street and Ron Brown Street included a sidewalk vault for access to subterranean utilities.

8. The sidewalk vault located where GLENN SHENTON was walking in the vicinity of 14th Street and Ron Brown Street was covered by two metal utility access covers.

9. The two metal utility access covers covering the sidewalk vault located in the vicinity of 14th Street and Ron Brown Street were not flush with each other but, instead, one access cover was elevated compared to the neighboring cover.

10. As a result of the two metal utility access covers located on the sidewalk in the vicinity of 14th Street and Ron Brown Street not being flush with each other, GLENN SHENTON tripped and fell over the raised access cover, causing him injury and damages.

11. The two metal utility access covers located on the sidewalk in the vicinity of 14th Street and Ron Brown Street and which caused GLENN SHENTON to trip and fall was, at all pertinent times, owned by PEPCO HOLDINGS.

12. The two metal utility access covers located in the vicinity of 14th Street and Ron Brown Street and which caused GLENN SHENTON to trip and fall was, at all pertinent times, under the control and responsibility of PEPCO HOLDINGS.

13. The two metal utility access covers located in the vicinity of 14th Street and Ron Brown Street and which caused GLENN SHENTON to trip and fall were not flushed with each other because a latch on the raised access cover was damaged and PEPCO HOLDINGS had failed to repair it so as to make the access covers safe for the pedestrian public.

14. A fair and accurate picture of the two metal utility access covers located in the vicinity of 14th Street and Ron Brown Street and which caused GLENN SHENTON to trip and fall, as such covers existed on August 13, 2016, is attached hereto as **Exhibit A**.

15. Based upon information and belief, the last time an employee or authorized agent of PEPCO HOLDINGS accessed the sidewalk vault through the two metal utility access covers located in the vicinity of 14th Street and Ron Brown Street and which caused GLENN SHENTON to trip and fall, said employee or agent failed to sufficiently and adequately secure the metal utility access covers and/or allowed the one metal utility access cover to be left in the condition of not being flush with the other access cover and/or caused damage to the latch resulting in the raised access cover.

16. PEPCO HOLDINGS and/or its employees/agents were negligent in failing to adequately and safely secure the two metal utility access covers in the vicinity of 14th Street and Ron Brown Street and which caused GLENN SHENTON to trip and fall in a safe and secure condition for the general pedestrian public.

17. PEPCO HOLDINGS and/or its employees/agents were negligent in keeping or maintaining the two metal utility access covers in the vicinity of 14th Street and Ron Brown Street

and which caused GLENN SHENTON to trip and fall in a safe and secure condition for the general pedestrian public.

18. PEPCO HOLDINGS and/or its employees/agents were negligent in allowing the one metal utility access cover in the vicinity of 14th Street and Ron Brown Street and which caused GLENN SHENTON to trip and fall to be left in the condition of not being flush with the other access cover.

19. PEPCO HOLDINGS and/or its employees/agents were negligent in causing damage to one of the metal utility access covers in the vicinity of 14th Street and Ron Brown Street and which caused GLENN SHENTON to trip and fall, and to allow that damaged access cover to be left in that condition.

20. Following his trip and fall over the two metal utility access covers located in the vicinity of 14th Street and Ron Brown Street, GLENN SHENTON made a police report and, in turn, was referred to the Mayor's Office for the City of Washington, District of Columbia.

21. As a result of this consultation with the Mayor's Office, the Mayor's Office advised GLENN SHENTON that the metal utility access covers located in the vicinity of 14th Street and Ron Brown Street and which caused GLENN SHENTON to trip and fall were owned and maintained by PEPCO HOLDINGS.

22. As a direct and proximate result of the negligence of PEPCO HOLDINGS and/or its employees/agents, GLENN SHENTON tripped and fell over the metal utility access cover located in the vicinity of 14th Street and Ron Brown Street.

23. As a direct and proximate result of the negligence of PEPCO HOLDINGS and/or its employees/agents, GLENN SHENTON immediately started to suffer pain and discomfort.

24. In the days following his trip and fall over the metal utility access cover located in the vicinity of 14th Street and Ron Brown Street, GLENN SHENTON's pain and discomfort did not subside but, instead, worsened.

25. On August 16, 2016, GLENN SHENTON visited Dr. Christopher Roberts for the pain and discomfort he was experiencing and continuing to experience as a result of his trip and fall over the metal utility access cover located in the vicinity of 14th Street and Ron Brown Street. During the course of this consultation, x-rays revealed, amongst other things, severe bruising and inflammation to Mr. SHENTON's left knee, a condition he did not suffer from prior to the trip and fall.

26. As a direct and proximate result of the negligence of PEPCO HOLDINGS and/or its employees/agents, GLENN SHENTON has incurred numerous unexpected expenses, including an increase in his expenses during the remainder of his visit to Washington, DC, in August 2016, as well as the necessity of making changes (and incurring related additional expenses) concerning an annual trip to the United Kingdom.

27. As a direct and proximate result of the negligence of PEPCO HOLDINGS and/or its employees/agents, GLENN SHENTON has required physical therapy and palliative care, beginning on September 9, 2016, to present.

28. As a direct and proximate result of the negligence of PEPCO HOLDINGS and/or its employees/agents, GLENN SHENTON continues to experience and suffer from on-going back pain.

29. Prior to tripping and falling over the metal utility access cover located in the vicinity of 14th Street and Ron Brown Street, GLENN SHENTON did not have *any* back pain or condition limiting his activity and lived an active physically demanding life as an active golfer.

30. As a direct and proximate result of the negligence of PEPCO HOLDINGS and/or its employees/agents, GLENN SHENTON has suffered from and continues to suffer significant pain and discomfort, as well as significant impairments to his life on a daily basis.

31. As a direct and proximate result of the negligence of PEPCO HOLDINGS and/or its employees/agents, GLENN SHENTON's back pain is a continual source of pain and discomfort, causing him regular sleep deprivation, an inability to complete a round of golf, requiring assistance with dressing, and sleeping alone as a result of the disturbance his tossing and turning causes his wife.

32. GLENN SHENTON has been diagnosed with "chronic bilateral low back pain without sciatica", "limited range of motion in right hip flexion, hip abduction, hip internal rotation, hip external rotation and knee flexion, weakness in right hip flexion, hip internal rotation, hip external rotation, knee extension", and "limited activities of daily living." GLENN SHENTON's diagnosis further indicates "patient presents gait deviation of antalgic gait walks bent over, progressed to cane" and "right hip pain and chronic lower back pain."  All of these conditions are the direct and proximate result of GLENN SHENTON tripping and falling over the metal utility access cover located in the vicinity of 14th Street and Ron Brown Street.

33. GLENN SHENTON continues to experience chronic, persistent lower back pain on an ongoing basis as the direct and proximate result of GLENN SHENTON tripping and falling over the metal utility access cover located in the vicinity of 14th Street and Ron Brown Street, as well as the negligence of PEPCO HOLDINGS and/or its employees.

34. As the direct and proximate result of the negligence of PEPCO HOLDINGS and/or its employees, GLENN SHENTON has been unable to resume playing golf twice a week as he did prior to the Injury.

35. As the direct and proximate result of the negligence of PEPCO HOLDINGS and/or its employees, GLENN SHENTON is unable to dress himself with regard to socks and shoes each day.

36. At the time of tripping and falling over the metal utility access cover located in the vicinity of 14th Street and Ron Brown Street, GLENN SHENTON worked as a consultant and formed his own business as a "Life Skills through Golf" head coach with the Cincinnati and Northern Kentucky Chapter. As the direct and proximate result of the negligence of PEPCO HOLDINGS and/or its employees, GLENN SHENTON has been severely restricted and limited in his ability to operate this business.

37. As a direct and proximate result of the negligence of PEPCO HOLDINGS and/or its employees/agents, GLENN SHENTON has been forced to miss work as a Life Skills Coach and as a Consultant as a result of the continuing pain and his inability to keep up with the physical demands required. Furthermore, GLENN SHENTON can no longer work in a full capacity as a Coach with the ProGolf Association, as that requires a level of mobility and physical activity that he can no longer sustain as a result of the Injury. Thus, GLENN SHENTON has required the assistance of 6 assistant coaches and a PGA professional in order to conduct his courses.

38. As a direct and proximate result of the negligence of PEPCO HOLDINGS and/or its employees/agents, GLENN SHENTON was compelled to join a new golf club that allows him to take required breaks without consequence, with an increase of in membership fees and additional fees due to being forced to rent a golf cart instead of walking the golf course.

39. As a direct and proximate result of the negligence of PEPCO HOLDINGS and/or its employees/agents, GLENN SHENTON has incurred substantial medical expenses, physical therapy bills and medication, in addition to lost wages.

40. As a direct and proximate result of the negligence of PEPCO HOLDINGS and/or its employees/agents, GLENN SHENTON will require on-going physiotherapy for the rest of his life.

41. As a direct and proximate result of the negligence of PEPCO HOLDINGS and/or its employees/agents, GLENN SHENTON continues to experience sleepless nights, regular chronic pain, difficulty in his joints and decreased mobility; he has been prescribed and continues to take Gabapentin three times a night as well as Tylenol every night for the pain.

## **COUNT ONE: NEGLIGENCE**

42. Plaintiffs incorporate by reference each allegation above as if fully restated herein.

43. PEPCO HOLDINGS owed a duty of reasonable care to pedestrians walking on or over the metal utility access covers located in the sidewalk located the vicinity of 14th Street and Ron Brown Street.

44. PEPCO HOLDINGS owed a duty of reasonable care to GLENN SHENTON when he was walking on or over the metal utility access covers located in the sidewalk located the vicinity of 14th Street and Ron Brown Street.

45. PEPCO HOLDINGS breached its duty of reasonable care to GLENN SHENTON by, amongst other things, negligently failing to properly maintain the metal utility access covers located in the sidewalk located the vicinity of 14th Street and Ron Brown Street.

46. PEPCO HOLDINGS breached its duty of reasonable care to GLENN SHENTON by, amongst other things, negligently failing to secure the metal utility access covers located in the sidewalk located the vicinity of 14th Street and Ron Brown Street.

47. PEPCO HOLDINGS created a dangerous condition and/or had constructive notice of a dangerous condition resulting from the two metal utility access covers located in the vicinity of 14th Street and Ron Brown Street not being flush with each other.

48. PEPCO HOLDINGS breached its duty of reasonable care to GLENN SHENTON by negligently failing to repair the damaged and nonfunctioning latch on the two metal utility access covers located in the vicinity of 14th Street and Ron Brown Street.

49. The failure of PEPCO HOLDING to maintain, secure, or repair the two metal utility access covers located in the sidewalk in the vicinity of 14th Street and Ron Brown Street was reckless and/or in willful disregard of safety of pedestrians who might reasonably be foreseen to walk over such access cover, including GLENN SHENTON.

50. As a direct and proximate result of the negligence of PEPCO HOLDINGS, GLENN SHENTON has suffered damages in excess of $75,000, in an amount to be determined at trial.

### COUNT TWO:  NEGLIGENCE - RESPONDEAT SUPERIOR

51. Plaintiffs incorporate by reference each allegation above as if fully restated herein.

52. The acts or omissions of an employee or authorized agent of PEPCO HOLDINGS in failing to sufficiently and adequately secure the metal utility access covers and/or allowing the one metal utility access cover to be left in the condition of not being flush with the other access cover and/or causing damage to the latch resulting in the raised access cover was done within the scope and authority of the such person's employment or agency.

53. Such employee or authorized agent of PEPCO HOLDINGS had a duty of reasonable care to pedestrians walking on or over the metal utility access covers located in the sidewalk located the vicinity of 14th Street and Ron Brown Street, including properly securing the access covers, ensuring that the access covers were flush with each other, not otherwise causing damage to the latch mechanism so as to preclude the access covers not being flush with each other.

54. Such employee or authorized agent of PEPCO HOLDINGS had a duty of reasonable care to GLENN SHENTON in walking on or over the metal utility access covers located in the

sidewalk located the vicinity of 14th Street and Ron Brown Street, including properly securing the access covers, ensuring that the access covers were flush with each other, not otherwise causing damage to the latch mechanism so as to preclude the access covers not being flush with each other.

55. Such employee or authorized agent of PEPCO HOLDINGS breached the duty of reasonable care to GLENN SHENTON walking on or over the metal utility access covers located in the sidewalk located the vicinity of 14th Street and Ron Brown Street, including properly securing the access covers, ensuring that the access covers were flush with each other, not otherwise causing damage to the latch mechanism so as to preclude the access covers not being flush with each other.

56. The acts or omissions of the employee or authorized agent of PEPCO HOLDINGS resulting in GLENN SHENTON tripping and falling over the metal utility access covers located in the sidewalk located the vicinity of 14th Street and Ron Brown Street was undertaken or performed within the scope and duties of such employee's employment and/or the agent's authority.

57. As a direct and proximate result of the negligence of such employee or authorized agent of PEPCO HOLDINGS, GLENN SHENTON has suffered damages in excess of $75,000, in an amount to be determined at trial.

58. The foregoing acts or omissions of the employee or authorized agent of PEPCO HOLDINGS are attributable to PEPCO HOLDINGS under the doctrine of *respondeat superior*.

59. The negligence of the employee or authorized agent of PEPCO HOLDINGS is attributable to PEPCO HOLDINGS under the doctrine of *respondeat superior*.

## COUNT THREE: LOSS OF CONSORTIUM

60. Plaintiffs incorporate by reference each allegation above as if fully restated herein.

61. At all times pertinent herein, PAMELA SHENTON was and is the wife of GLENN SHENTON.

62. As a direct and proximate result of the wrongful and negligent acts of the PEPCO HOLDINGS and/or its employees, PAMELA SHENTON has suffered, and continues to suffer, loss of consortium, loss of society, affection, assistance, and conjugal fellowship from and with her husband, GLENN SHENTON.

**WHEREFORE**, Plaintiffs hereby pray that judgement be entered in their favor and against Defendant in an amount of money which will fully and fairly compensate them for their injuries, which amount exceeds $75,000.00 and is to be determined at trial, with such damages including, without limitation:

1. past medical bills;
2. loss of earnings;
3. future loss of earnings or earning capacity;
4. past pain and suffering, including physical pain, emotional distress and inconvenience;
5. future pain and suffering, including physical pain, emotional distress and inconvenience;
6. loss of enjoyment of life;
7. loss of consortium;
8. all incidental costs and expenses incurred;

9. costs; and

10. any and all other relief to which they may be entitled in law or equity.

          Respectfully submitted,

          /s/ Christopher P. Finney_____
          Christopher P. Finney (OH0043)
          Curt C. Hartman, *of counsel* (OH0040)
          Julie M. Gugino
          FINNEY LAW FIRM, LLC
          4270 Ivy Pointe Boulevard, Suite 225
          Cincinnati, Ohio 45245
          513.943.6655(o)
          *Chris@FinneyLawFirm.com*
          *Curt@FinneyLawFirm.com*
          *Julie@FinneyLawFirm.com*

          *Trial Attorneys for*
          *Plaintiffs Glenn Shenton and Pamela Shenton*

## JURY DEMAND

Plaintiffs demand a jury any issue triable of right by a jury.

          /s/ Christopher P. Finney_____